104 F.3d 357
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Plaintiff-Appellee.
v.
George LYNCH and Christopher Moscinski, Defendants-Appellants.
 No. 96-6137.
 United States Court of Appeals, Second Circuit.
 Dec. 11, 1996.
 
 S.D.N.Y.
 AFFIRMED.
 APPEARING FOR APPELLEE: APPEARING FOR APPELLANT: MARTIN J. SIEGEL, Assistant United States Attorney, New York, N.Y. (Mary Jo White, United States Attorney for the Southern District of New York, James L. Cott, Gideon A. Schor, Assistant United States Attorneys, of counsel). MICHAEL P. TIERNEY, Legal Center for Defense of Life, New York, N.Y. (A. Lawrence Washburn, Jr., Cornelius Cawley, of counsel).
 PRESENT: VAN GRAAFEILAND, JACOBS, and CALABRESI, Circuit Judges.
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York (Sprizzo, J.), and was argued by counsel.
 
 
 1
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.
 
 
 2
 Defendants George Lynch and Christopher Moscinski appeal from the February 23, 1996 order of the United States District Court for the Southern District of New York (Sprizzo, J.), permanently enjoining them from violating in any way the Freedom of Access to Clinic Entrances Act ("FACE"), 18 U.S.C. § 248, including but not limited to violations by impeding or obstructing ingress to or egress from the Women's Medical Pavilion ("WMP") in Dobbs Ferry, New York. Defendants contend on appeal that the district court should have entertained and accepted a defense to the injunction based upon natural law. For the reasons set forth below, we find defendants' contentions on appeal to be without merit.
 
 
 3
 The complaint, filed on October 27, 1995, alleged that defendants violated FACE by blocking access to the WMP on May 13, 1995. On November 3, 1995, the Government moved for a preliminary injunction prohibiting defendants from impeding ingress to or egress from the WMP and/or from coming within fifteen feet of the clinic's property. After consolidating the preliminary injunction application with trial on the merits, the district court conducted a hearing on December 12, 1995. At the close of the hearing, the court reserved decision and ordered briefing as to FACE's validity under the Commerce Clause. On February 21, 1996, the district court upheld FACE under the Commerce Clause, and found that the defendants had violated the statute by making entry to the WMP unreasonably difficult. The court therefore granted the Government's application for a permanent injunction; the injunction order was entered on February 28, 1996. On March 11, 1996, defendants moved to amend the order under Rule 59(e) of the Federal Rules of Civil Procedure on the ground that the court's opinion had failed to address expressly their natural law argument. The district court denied this motion on April 17, 1996, and defendants filed a notice of appeal on May 8, 1996.
 
 
 4
 The FACE statute provides for civil and criminal penalties against anyone who:
 
 
 5
 by force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person because that person is or has been, or in order to intimidate such person or any other person or any class of persons from, obtaining or providing reproductive health services.
 
 
 6
 18 U.S.C. § 248(a)(1). The statute provides for civil enforcement by the Attorney General of the United States, and authorizes courts to "award appropriate relief, including temporary, preliminary or permanent injunctive relief," to remedy statutory violations. Id. § 248(c)(2).
 
 
 7
 Defendants concede that they willfully intended to impede and did impede access to the WMP on May 13, 1995. At the December 12, 1995 hearing, defendants essentially offered no challenge to the Government's evidence, nor did they present any evidence of their own. Their only defense was their contention, which they argued at length, that the FACE statute protects the taking of innocent human life, and is therefore contrary to natural law and accordingly null and void.
 
 
 8
 Defendants' sole contention on appeal is that the district court declined to address their only defense based on natural law. We find it abundantly clear from the record that the district court considered and rejected this defense. Judge Sprizzo stated that, "I don't recognize my authority to refuse to issue an injunction under natural law," and "I don't have the right to act my own private conscience." He pointedly explained to defense counsel:
 
 
 9
 That seal above my head says ... this is Caesar's court. This is not a church, this is not a temple, this is not a mosque. And we don't live in a theocracy. This is a court of law. I will look at all the legal issues.
 
 
 10
 Thus did the district court fully and forcefully address and deny defendants' natural law defense.
 
 
 11
 We agree with the district court's conclusion that natural law cannot furnish a valid basis upon which to nullify the FACE statute, or the injunction issued pursuant to it. Defendants cite, among others, Pope John Paul II's encyclical, Evangelium Vitae, Thomas Aquinas' Summa Theologia, and Ronald Dworkin's Taking Rights Seriously. For better or worse, as the case may be, these texts do not control our decision in this case: "the Constitution and the laws passed pursuant to it are the supreme laws of the land, binding alike upon states, courts, and the people." Testa v. Katt, 330 U.S. 386, 391 (1946). Defendants do not argue that FACE is unconstitutional. They argue instead that FACE (and abortion) are anathema, and thus violate principles superior to the Constitution. Under Supreme Court precedent, well-settled constitutional principles, and the rule of stare decisis, we decline to invalidate a federal statute (on its face or as applied) on the basis of natural law principles.
 
 
 12
 We have considered all of defendants' contentions on this appeal and have found them to be without merit. The judgment of the district court is AFFIRMED.